IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
WILLIAM BENTLEY,                          : CASE NO. 1:10 CV 02189
                                          :
                         Plaintiff,       :
                                          :
         -vs-                             : MEMORANDUM AND ORDER OF
                                          : DISMISSAL
                                          :
U.S. DEPT. OF EDUCATION., et al.,         :
                                          :
                        Defendants.       :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     The plaintiff, William Bentley (Mr. Bentley), filed this negligence suit in state court on 13 September 2010, alleging negligence in the defendant's efforts to collect for a student loan made pursuant to the Federal Family Education Loan Program. (Doc. 1). The matter was removed under this Court's federal question jurisdiction.

     On 10 November 2010, Mr. Bentley's attorney petitioned for withdrawal of representation, which the Court granted on 16 November 2010. (Doc. 9). In its 16

-1-

November Order the Court required Mr. Bentley to obtain new counsel, and have that counsel make an appearance, or to notify the Court of his intent to proceed pro se, by 16 December 2010.  The Court specifically placed Mr. Bentley on notice that "[f]ailure to make the required appearance within the time ordered may result in sanctions, including the entry of judgment against the plaintiff."  Id.

As a result of Mr. Bentley's failure to respond to the Court's 16 December 2010 deadline regarding representation, this matter will be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

A district court has the authority to sua sponte dismiss a case for lack of prosecution pursuant to its inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure.  See Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' " Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).

District courts are permitted substantial discretion in determining whether dismissal is appropriate under Rule 41(b).  In Stough v. Mayville Community Schools, 138 F.3d 612 (6th Cir. 1998), the Sixth Circuit held:

> When contemplating dismissal under Rule 41(b), a court must consider:
> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. at 615.

Because the plaintiff has provided no explanation to the contrary, the Court must conclude that his failure to either retain new counsel or appear pro se by 16 December 2010 is the result of willfulness, bad faith, or fault.  The Sixth Circuit has noted that, although no one factor is outcome-dispositive, willfulness or bad faith by the plaintiff is a key consideration.  See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591-92 (6th Cir. 2001).  Such willfulness may be found when a party consciously and intentionally disregards a court's order.  See Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995).  The Court is compelled to find that Mr. Bentley has willfully failed to prosecute this litigation.

With regard to the second factor, the Court finds the defendants to have been possibly prejudiced by Mr. Bentley's failure to prosecute.  Here, the defendant Department of Education has briefed and filed an unanswered Motion to Dismiss on 27 October 2010  (Doc. 6).  Defendant NCO Financial Systems, Inc. answered the Complaint on 24 November 2010.  (Doc. 10).  While neither defendants have expended further effort toward their defense, the case has, nevertheless, presented a potential legal liability since its inception.

The third factor the Court must consider is whether Mr. Bentley was previously warned that his failure to prosecute could lead to dismissal of his claims.  The plaintiff was given fair notice that his claims would be dismissed if he failed to comply with the Court's order.  The 16 November 2010 Order to appear through counsel or pro se expressly provides that failure to comply may result in dismissal of the plaintiff's claims.  Mr. Bentley was afforded ample opportunity to reply to the Court's Order and yet he failed to respond.

Finally, the Court finds that Mr. Bentley's conduct amounts "to a failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." Mulbah v. Detroit Bd. of Educ., 261 F. 3d at 591. As Mr. Bentley has refused to comply with the Court's Order and has declined to take advantage of the opportunity to explain his failure to appear, no adequate alternative sanction is available to protect the integrity of the pretrial process.

While this Court prefers to adjudicate cases on their merits, the facts of this case indicate the plaintiff has no further interest in litigating his claims. For the reasons set forth above, this Court sua sponte dismisses Mr. Bentley's claims with prejudice for failure to prosecute. Accordingly, the Department of Education's Motion to Dismiss is denied as moot.

IT IS SO ORDERED.

  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 3 January 2011